UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LISA J. CARUSO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OGDEN DIRECTORIES OF PA, INC., )<br>d/b/a EZ TO USE BIG BOOK, )<br>)<br>Defendant. ) | Civil No. 07-69-B-W |

## RECOMMENDED DECISION

Relying upon Federal Rule of Civil Procedure 12(b)(6), Ogden Directories of PA, Inc. ("Ogden") has filed a motion to dismiss count III of the complaint because, according to Ogden, Caruso's claim is premised upon a statute that does not exist.  The plaintiff, Lisa J. Caruso, has not responded to the motion.  I now recommend the court grant the motion to dismiss count III of the complaint.

### The Complaint's Allegations

Caruso filed a six-count complaint against her former employer in state court, alleging violations of the Maine Human Rights Act and Title VII of the Civil Rights Act of 1964.  Counts I and II allege gender discrimination under both the state and federal acts, Count IV alleges a violation of the Maine Whistleblower Protection Act, and Counts V and VI allege retaliation under both the state and federal acts.  Count III, the count which is the subject of this motion, purports to allege a claim under the "Title VII-Whistleblower Protection Act."  The defendant removed the case to this court based upon the federal claims.

Caruso was employed as a sales representative in Ogden's Bangor office from October 2004 until April 12, 2005. (Compl. ¶ 6.) She reported that a fellow employee engaged in sexually harassing behavior toward her. (Id. ¶ 7.) The other employee was discharged because the allegation was substantiated. (Id. ¶ 9.) Shortly thereafter the supervisor who had been in charge at the time of the investigation left the Bangor office and a sales representative who had been a close friend of the discharged employee took his place. (Id. ¶¶ 11-12.) Caruso alleges the new supervisor began a pattern of behavior that discriminated against women in general and herself in particular. Caruso particularly alleges that the new supervisor's discriminatory behavior was targeted at those women who had complained about the conduct of the previously discharged co-worker. (Id. ¶ 14.) Ultimately Ms. Caruso was fired, ostensibly because she had evidenced a "negative attitude." (Id. ¶ 23.)

## Unopposed Motion to Dismiss Standard

As for Rule 12(b)(6) challenges: "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief." Greenier v. Colgan Air, Inc., 295 F. Supp. 2d 123, 124 (D. Me. 2003). To determine that issue, the Court must "take the well pleaded facts as they appear in the complaint, indulging every reasonable inference in plaintiff's favor." Id. (quoting Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 51 (1st Cir. 1990)).

As explained by the United States Supreme Court, "[r]aising up causes of action where a statute has not created them may be a proper function for common law courts, but not for federal tribunals." Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 365 (1991). Ogden maintains that plaintiff is doing exactly that because there is nothing in Title VII even remotely resembling a "whistleblower's protection act." The closest Title VII comes to such a

2

cause of action is in the provision covering retaliation claims. Caruso has pled a perfectly valid retaliation claim under Title VII in Count V of the complaint.

I also note that Caruso has failed to respond to the motion to dismiss. By failing to reply to the motion to dismiss, I take it she has waived her objection to the motion. See D. Me. Loc. R. 7 ("Unless within twenty-one (21) days after the filing of a motion the opposing party files written objection thereto, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection."); see also Dougherty v. Nynex Corp., 835 F.Supp. 22, 23 (D. Me.1993).

## Conclusion

Because I am independently unable to locate a Whistleblower's Protection Act within Title VII and because plaintiff has waived any objection to this motion, I recommend the court grant the motion.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

Dated June 19, 2007                    /s/ Margaret J. Kravchuk
                                       U.S. Magistrate Judge