UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LISA J. CARUSO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 07-69-B-W |
| | ) |
| OGDEN DIRECTORIES OF PA, INC., | ) |
| d/b/a EZ TO USE BIG BOOK, | ) |
| | ) |
| Defendant. | ) |

**SUPPLEMENTAL RECOMMENDED DECISION**

Relying upon Federal Rule of Civil Procedure 12(b)(6), Ogden Directories of PA, Inc. ("Ogden") has filed a motion to dismiss count III of the complaint because, according to Ogden, Caruso's claim is premised upon a statute that does not exist. Their motion also seeks dismissal of counts II, IV, and VI, state law claims, because the complaint was filed after the expiration of the two year statute of limitation. The plaintiff, Lisa J. Caruso, has not responded to the motion. I have already issued a recommended decision regarding count III of the complaint, but due to an oversight on my part I did not make a recommendation regarding counts II, IV, and VI. I now recommend that they be dismissed as well.

**The Complaint's Allegations**

Caruso filed a six-count complaint against her former employer in state court, alleging violations of the Maine Human Rights Act and Title VII of the Civil Rights Act of 1964. Counts I and II allege gender discrimination under both the state and federal acts, Count IV alleges a violation of the Maine Whistleblower Protection Act, and Counts V and VI allege retaliation under both the state and federal acts. Count III purported to allege a claim under the "Title VII-

Whistleblower Protection Act."  The defendant removed the case to this court based upon the federal claims.

Caruso was employed as a sales representative in Ogden's Bangor office from October 2004 until April 12, 2005.  (Compl. ¶ 6.)  She reported that a fellow employee engaged in sexually harassing behavior toward her.  (Id. ¶ 7.)  The other employee was discharged because the allegation was substantiated.  (Id. ¶ 9.)  Shortly thereafter the supervisor who had been in charge at the time of the investigation left the Bangor office and a sales representative who had been a close friend of the discharged employee took his place.  (Id. ¶¶ 11-12.)  Caruso alleges the new supervisor began a pattern of behavior that discriminated against women in general and herself in particular.  Caruso particularly alleges that the new supervisor's discriminatory behavior was targeted at those women who had complained about the conduct of the previously discharged co-worker.  (Id. ¶ 14.)  Ultimately Ms. Caruso was fired, ostensibly because she had evidenced a "negative attitude."  (Id. ¶ 23.)  Her complaint was filed in the Maine Superior Court on April 16, 2007.  (State Court Docket, Docket No. 1, Ex. 5).

## Unopposed Motion to Dismiss Standard

As for Rule 12(b)(6) challenges: "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief."  Greenier v. Colgan Air, Inc., 295 F. Supp. 2d 123, 124 (D. Me. 2003).   To determine that issue, the Court must "take the well pleaded facts as they appear in the complaint, indulging every reasonable inference in plaintiff's favor."  Id. (quoting Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 51 (1st Cir. 1990)).

I also note that Caruso has failed to respond to the motion to dismiss.  By failing to reply to the motion to dismiss, I take it she has waived her objection to the motion.  See D. Me. Loc.

2

R. 7 ("Unless within twenty-one (21) days after the filing of a motion the opposing party files written objection thereto, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection."); see also Dougherty v. Nynex Corp., 835 F.Supp. 22, 23 (D. Me.1993).

Under 5 M.R.S.A. § 4613(2)(C), claims under the Maine Human Rights Act (the "MHRA") "shall be commenced not more than two years after the act of unlawful discrimination complained of." This two-year limitation period applies equally to causes of action under the Maine Whistleblowers' Protection Act (the "MWPA"). See Lehoux v. Pratt & Whitney, No. Civ. 05-210-P-S, 2006 WL 346399, at *1 (D. Me. Feb. 8, 2006) (decision unpublished in the Federal Supplement). Caruso alleges her employment was terminated on April 12, 2005 (with no further allegedly unlawful acts occurring after that date), and yet this lawsuit was not filed until April 19, 2007. The two year limitation period had expired at the time the complaint was filed.

## Conclusion

Based upon the foregoing I recommend the Court dismiss counts II, IV, and VI as well.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

Dated June 28, 2007                    /s/ Margaret J. Kravchuk
                                        U.S. Magistrate Judge